IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TINA TOWNSEND                                                                PLAINTIFF

vs.                                          Civil No. 2:14-cv-02048

CAROLYN W. COLVIN                                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Tina Townsend ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff protectively filed her disability application on October 19, 2011.  (Tr. 11).  In her

application, Plaintiff alleges being disabled due to nerve problems, irritable bowel syndrome,

depression, and asthma.  (Tr. 172).  Plaintiff alleges an onset date of January 1, 2008.  (Tr. 11).  This

application was denied initially and again upon reconsideration.  (Tr. 115).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

request was granted.  (Tr. 72-82).  Plaintiff's administrative hearing was held on October 10, 2012

1

in Fort Smith, Arkansas.  (Tr. 29-48).  At this hearing, Plaintiff was present and was represented by counsel, Aaron Forshaw.  *Id.*  Only Plaintiff testified at this hearing.  *Id.*  During this hearing, Plaintiff testified she was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008).  (Tr. 32).  As for her education, Plaintiff testified she had completed the eleventh grade in school and had not obtained her GED.  *Id.*

On February 22, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application.  (Tr. 7-20).  In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 19, 2011, her application date.  (Tr. 13, Finding 1).  The ALJ found Plaintiff had the following severe impairments: osteoarthritis, remote ankle fracture, and mood disorder.  (Tr. 13, Finding 2).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 15-18, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except as follows: The claimant can understand, remember, and carry out simple, routine, repetitive tasks.  She can respond to usual work situations and routine work changes.  She can respond to supervision that is simple, direct, and concrete.  She can occasionally interact with supervisors, co-workers, and the public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 18, Finding 5).  Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a

poultry eviscerator (light, unskilled) as she performed the work and as it is normally performed. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20). To determine whether Plaintiff retained this capacity, the ALJ sent written interrogatories to Vocational Expert ("VE") Dale Thomas. *Id.*

Considering Plaintiff's PRW, education, age, and RFC, the VE stated a hypothetical person with those limitations retained the capacity to perform the following occupations: (1) bench assembler with 125,000 such jobs in the United States; and (2) Laundry Worker with 293,000 such jobs in the United States. *Id.* Based upon the VE's responses, the ALJ determined Plaintiff did retain the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 9). Because Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from her application date of October 19, 2011 through the date of the ALJ's decision or through February 22, 2013. (Tr. 20, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On January 23, 2014, the Appeals Council denied this request for review. (Tr. 5). On March 17, 2014, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9, 11. This case is now ready for decision.

**2.**     **<u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred in assessing her credibility; (C) the ALJ erred in assessing her RFC; and (D) the ALJ erred at Step Four of the Analysis.  ECF No. 9.  The Court will consider all of these arguments.

A.   **Development of the Record**

Plaintiff claims the ALJ erred in developing the record in her case.  ECF No. 9 at 9-10.  As Plaintiff states, "we believe that the ALJ should have sought further clarification regarding the severity of . . . [the] . . . impairments from . . . treating physicians and therapists."  *Id.*  In response to this argument, Defendant claims the ALJ fully complied with his obligation to develop the record.  ECF No. 11 at 5-6.  Defendant also argues no remand is necessary.  *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary.  Notably, the ALJ only has the obligation "to develop a reasonably complete record."  *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994).  Here, the transcript in this case is over eight-hundred pages long.  This transcript

5

includes a SSA-ordered consultative mental diagnostic examination report. (Tr. 554-558). Additionally, four state agency medical consultants reviewed the evidence of record. (Tr. 545-552, 573-576, 589-590). Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 9 at 9-10. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action.

### B. Credibility Determination

Plaintiff claims the ALJ's credibility determination is not sufficient. ECF No. 9 at 10-13. Specifically, Plaintiff claims the ALJ did not give "any solid, substantiated reasons for discrediting Plaintiff's testimony." *Id.* Thus, Plaintiff claims her case must be reversed and remanded. *Id.* In response, Defendant argues the ALJ's credibility determination was reasonable and was within the ALJ's discretion. ECF No. 11 at 6-7. Defendant argues the ALJ's credibility determination should be affirmed. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.   The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski* in evaluating Plaintiff's credibility.  (Tr. 7-20).  In his opinion, the ALJ noted Plaintiff has extensive daily activities, including the ability to care for her children, drive a car, shop in stores, pay bills, and maintain her household.  (Tr. 14).  The ALJ noted Plaintiff provided conflicting stories to her doctors

about her impairments and about her drug usage.  (Tr. 16-18).  The ALJ noted Plaintiff's own

treating physician, Dr. Terrell Bishop, M.D. believed her to be malingering.  (Tr. 18, 323-324).  The

ALJ also noted Plaintiff reported having "broken her ankles several times [which] is not supported

by the medical evidence."  (Tr. 18).  Because these are "good reasons" for discounting Plaintiff's

subjective complaints, the Court finds no basis for reversal on this issue.[2]  *See McDade v. Astrue,*

720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it

is based upon "good reasons supported by substantial evidence").

### C.   RFC Assessment

Plaintiff claims the ALJ erred in assessing her RFC.  ECF No. 9 at 13-15.  In making this

claim, Plaintiff vaguely alleges the ALJ erred by failing "to incorporate both the mental and physical

findings of the treating physician and consulting psychologist."  *Id.*  Indeed, the only *specific* claim

Plaintiff raises with regard to the ALJ's RFC determination is her claim that the ALJ improperly

considered her low Global Assessment of Functioning or "GAF" scores.  *Id.*  Thus, because this is

the only issue Plaintiff has briefed, this is the only issue the Court will consider.  *See Vandenboom*

*v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's

conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant

provided no analysis of the relevant law or facts).

Plaintiff claims the ALJ erred by failing to consider her GAF scores of 50 and 55.  ECF No.

9 at 15.  Plaintiff claims a "GAF score that low indicates severe problems."  *Id.*  In her appeal brief,

Plaintiff references three different transcript pages in support of her claim that she was assessed as

---

[2] Plaintiff claims the ALJ improperly considered her prior drug use in assessing her credibility.
ECF No. 9 at 10-13.  In his decision, the ALJ did reference Plaintiff's drug use and the fact that she gave
*inconsistent* statements regarding her drug use.  (Tr. 15-18).  For example, the ALJ found the following:
"The claimant's statements about cessation of polysubstance abuse by 1999 conflicted with the medical
evidence."  (Tr. 18).  This was entirely proper under *Polaski*.

having GAF scores of 50 and 55.  *Id.*  These transcript pages she referenced in her briefing are 302, 310, and 313.  However, upon careful review, the Court finds Pages 302 and 310 only provide diagnostic evaluations but no GAF scores.  Page 313 is a signature page and does not provide a GAF score.

It appears Plaintiff is actually referring to transcript pages 312 (GAF of 55), 305 (GAF of 55), and 315 (GAF of 50). Of these three scores, the two GAF scores of 55 were assigned by a licensed social worker and a licensed professional counselor.  (Tr. 305, 312).  Neither of these people are considered an "acceptable medical source" for determining a disability. *See* 20 C.F.R. § 404.1513(a) (2013).  Thus, the Court finds these scores do not establish Plaintiff's alleged disability.  The final GAF score of 50 was assigned by a medical doctor.  (Tr. 315).  This *one-time* score, however, does not demonstrate Plaintiff has any greater limitations than those found by the ALJ.[3]  *See Jones v. Astrue,* 619 F.3d 963, 974 (8th Cir. 2010) (affirming the ALJ's mental RFC evaluation where the claimant did not present "'GAF score history' indicating  that she [the claimant] was at or below a GAF of 50 on several occasions").  Accordingly, based upon these findings, the Court finds no basis for reversal on this issue.

### D.    Step Four of the Analysis

Plaintiff claims the ALJ erred in his Step Four determination.  ECF No. 9 at 15-17.  Plaintiff claims the ALJ erred when he found she retains the capacity to perform her PRW.  *Id.*  Upon review of the ALJ's opinion, however, the Court finds this case *was not decided* at Step Four of the Analysis but was instead decided at Step Five of the Analysis.  (Tr. 7-20).

---

[3] Furthermore, upon review of this specific record (Tr. 315), the medical doctor who assigned Plaintiff a GAF score of 50 also found Plaintiff was "currently" smoking marijuana.  (Tr. 314-316). This also should be considered when determining the weight that should be assigned to this GAF score.

9

Indeed, in this case, even though the ALJ did find Plaintiff retained the capacity to perform her PRW, he also determined Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 19-20). Notably, he found Plaintiff retained the capacity to perform work as a bench assembler and laundry worker. (Tr. 20). Thus, even assuming the ALJ erred in his characterization of Plaintiff PRW, that error was harmless. Thus, there is no basis for reversal on this issue.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 13th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE